IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARREL BUSCHKOETTER, DON CHRISTENSEN, EDWARD W. DOBESH, GARY DZINGLE, DONALD FERENCE, MIKE GLINSMANN, STEVEN J. GLINSMANN, WENDELL GLINSMANN, MARK A. GOC, WADE HEIL, JERRY HICKMAN, DEAN L. KERNER, ROBERT KSIONZEK, MOON CREEK CATTLE CO., INC., PAUL KUSEK, RICHARD L. KUSEK, DENIS KUSEK, GERALD G. KUSZAK, LEROY R. LAMMERS, HARRY J. LECH, LLOYD J. LYTLE, DOROTHY MANKIN, INDIVIDUALLY AND AS TRUSTEE FOR THE BLAKE C. MANKIN REVOCABLE TRUST, KARL L. PFEIFFER, RALPH PFEIFFER, JR., TIMOTHY QUADE, DOROTHY QUADE, GAYLE MANKIN, JOHN MCCARVILLE, EVELYN M. MCCLURE, RICHARD F. MEYER, TERRY PALU, DEWEY L. PETERSON, FREDERICK AND LORRAINE RETZLAFF TRUST, FRED RETZLAFF, RETZLAFF FARMS, INC., PAUL E. RETZLAFF, MICHAEL REIMAN, RITTERBUSH FARMS, CLAYTON RITTERBUSH, BRUCE RITTERBUSH, SCOTT RITTERBUSH, MELVIN SCHROEDER, JOE SKIBINSKI, KIRK SKIBINSKI, GERALD D. SCOTT, RODNEY SNOW, SIDNEY SNOW, STEFANOWICZ BROS., JERRY STEFANOWICZ, FRED SPOTANSKI, ROGER WENTWORTH, ROSEANN M. WILSON, RONALD WREHE, JAMES R. FRITZ, AMY HAUXWELL, RALPH GARWOOD FAMILY TRUST, ROSS GARWOOD, MARVIN HEIL, | Case No. 8:05CV115 |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| MICHAEL O. JOHANNS, | |

| | |
|---|---|
| SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, FEDERAL CROP INSURANCE CORPORATION, and ROSS J. DAVIDSON, ACTING ADMINISTRATOR, RISK MANAGEMENT AGENCY<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), or in the alternative for summary judgment, Fed. R. Civ. P. 56, Filing No. 51.  Plaintiffs have filed this action seeking declaratory and injunctive relief under 28 U.S.C. § 1331, the Federal Crop Insurance Act, 7 U.S.C. § 1501 et seq., and the Constitution of the United States.  Filing Nos. 1 and 50.  Plaintiffs are farmers who have received federal crop insurance for the crop years 2004 and prior.  Plaintiffs have sued Michael O. Johanns, Secretary of the United States Department of Agriculture (USDA), the Federal Crop Insurance Corporation (FCIC), and Ross J. Davidson, Acting Administrator, Risk Management Agency (RMA).  FCIC/RMA are agencies within the USDA that act as reinsurers of the federal crop insurance program where private insurers act to both sell and service insurance policies to farmers.  Defendants filed a brief in support, Filing No. 52, and an index in support, Filing No. 53.  The plaintiffs requested additional time to respond to the motion, and the court granted them until December 12, 2005.  To date, no response has been filed by the plaintiffs.

**Facts**

Plaintiffs are farmers who grow and harvest crops.   During the crop years 2004 and before, Wentworth Agricultural Insurance Agency (Wentworth) insured the plaintiffs.

Defendants initiated an investigation of policies serviced by Wentworth. As a result, actual production histories (APH's)[1] were both deleted and reconfigured using a percentage of the County T Yield. In their Amended Complaint, plaintiffs contend that the defendants' actions in recalculating the APH, have adversely affected the farmers' ability to obtain crop insurance and federal farm aid and assistance; has increased premiums and reduced coverage; and caused plaintiffs to receive demands for reimbursements of plaintiffs' insurance loss payments. Filing No. 50. Plaintiffs also contend that had they not purchased the increased crop insurance, they would be ineligible to receive crop insurance or participate in the federal farm aid programs for the 2005 crop year.

Defendants argue that RMA found significant misrepresentations in the productions of acreages over a number of years for the producers whose policies were serviced by Wentworth. These misrepresentations included crops that were not grown, inflation or deletion of production histories for multiple crop units, which resulted in inflated APH databases, incorrect insurance premiums, and overpaid indemnities for a number of years. Defendants contend that this court should dismiss this case because (1) this case is not ripe, (2) plaintiffs have failed to exhaust their administrative remedies and contractual arbitration agreements, and (3) plaintiffs are not in privity to bring this lawsuit and thus lack standing.

---

[1] Defined by statute as "the yield for a crop shall be based on the actual production history for the crop, if the crop was produced on the farm without penalty during each of the 4 crop years immediately preceding the crop year for which actual production history is being established, building up to a production data base for each of the 10 consecutive crop years preceding the crop year for which actual production history is being established." 7 U.S.C. § 1508(g)(2)(A).

3

The policy in question is located at 7 C.F.R. § 457.8 and is updated each year. The policy requires the holders to pursue their claims through arbitration. 7 C.F.R. § 457.8, para 20. Defendants argue that the claims are between the insurer and the insured and do not include FCIC and RMA. The insurance company pursues disputes with FCIC/RMA through the USDA's Board of Contract Appeals. 7 C.F.R. § 400.169. According to the defendants, the insureds are not involved in this part of a claim.

The court previously scheduled a hearing on the preliminary and temporary injunction. However, the parties were able to come to an agreement that plaintiffs would not be deemed ineligible for the 2005 crop year insurance.

**Standard of Review**

*12(b)(1)*

Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* Because the defendants have submitted evidence in support of their position, this case presents a factual jurisdictional challenge. In such a

challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims. *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.* at 730. A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, n. 4 (8th Cir. 2003).

*12(b)(6)*

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

**Discussion**

*Standing and Ripeness*

Defendants contend that plaintiffs have no standing to sue at this time. They argue that plaintiffs cannot show injury in fact or the possibility of imminent injury as is required under *Northeastern Fla. Chapter Associated Gen. Contractors of Am. v. City of Jacksonville,* 508 U.S. 656, 663 (1993). Plaintiffs, argue defendants, have not been

5

denied any benefits under the 2005 crop year program nor denied participation in any of the government programs. Defendants contend that plaintiffs have failed to exhaust their administrative remedies, particularly since RMA is currently revising and recalculating summary of coverages for the policy holders and sending new premium and overpayment statements to the plaintiffs. Thus, argues defendants, the issue is not even ripe for review.

Defendants argue that the TRO stipulation gave plaintiffs all the relief requested in their Amended Complaint. Filing No. 45. Thus, defendants contend that the claims for relief have been met. The plaintiffs failed to respond to defendants' motion. The court has carefully reviewed all of the arguments made by the defendants in this case. The defendants are correct that at this point the case is premature. The stipulation entered into by the parties, Filing No. 45, gave all relief requested by the plaintiffs in their Amended Complaint. Consequently, plaintiffs have suffered no injury at this time. Wentworth is reviewing its APH calculations to determine accuracy. After that it will assess increases if needed.

The court agrees that the plaintiffs cannot rely on the possibility that their insurance premiums will be adjusted. *Texas v. United States*, 523 U.S. 296, 230 (1998). A controversy must be ripe for adjudication. *Id.* Clearly, all of plaintiffs' allegations in their Amended Complaint have been met and there exists no additional controversy at this juncture in the case. Plaintiffs have failed to come forth with any argument or evidence to support an argument that they have standing or that this case is ripe for adjudication.

*Failure to Exhaust*

In the alternative, defendants argues that Congress has mandated exhaustion in this case. *United States v. Dico, Inc.*, 136 F.3d 572, 575 (8th Cir. 1998). 7 U.S.C. § 6912(e) provides:

> a person shall exhaust all administrative appeal procedures established by the Secretary [of Agriculture] or required by law before the person may bring an action in a court of competent jurisdiction against (1) the Secretary; (2) the Department; or (3) an agency, office, officer, or employee

*See also, Bastek v. Federal Crop Ins. Corp.*, 145 F.3d 90, 94-98 (2nd Cir. 1998) (court affirmed dismissal of complaint pursuant to § 6912(e) where clear mandatory statutory exhaustion requirement existed). In addition, the reinsured policy provisions provide in pertinent part for mediation and arbitration of disputed claims:

> (1) All disputes involving determinations made by us, except those specified in section 20(d), are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC.
>
> >   (i) Any interpretation by FCIC will be binding in any mediation or arbitration.
> >
> >   (ii) Failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award.
> >
> >   (iii) An interpretation by FCIC of a policy provision is considered a rule of general applicability and is not appealable. If you disagree with an interpretation of a policy provision by FCIC, you must obtain a Director's review from the National Appeals Division in accordance with 7 CFR 11.6 before obtaining judicial review in accordance with subsection (e).

>    (iv) An interpretation by FCIC of a procedure may be appealed to the National Appeals Division in accordance with 7 CFR part 11.

7 C.F.R. § 457.8 para 20 "For Reinsured Polices."

The court has reviewed the statutes, federal regulations and caselaw set forth herein. The court concludes that the plaintiffs would likely be required to follow the administrative scheme for mediation and arbitration of its claims which plaintiffs have failed to do in this case. Again, plaintiffs have failed to come forward with any argument or evidentiary support that they need not exhaust their administrative remedies in this case.

Because the court concludes that this case is dismissed on the basis of ripeness and standing and alternatively on the basis of failure to exhaust, the court need not decide the remaining issues addressed by the defendants in this case.

THEREFORE, IT IS ORDERED THAT defendants' motion to dismiss, Filing No. 51, is granted. A separate order of judgment shall be entered in conjunction with this order.

DATED this 24th day of May, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge